Daniel L. Goodkin, Esq. (SBN 131347)
Email:  dgoodkin@goodkinlaw.com
Michael A. Shakouri, Esq. (SBN 272698)
Email: mshakouri@goodkinlaw.com
**GOODKIN LAW GROUP, APC**
1800 Century Park East, 10TH Floor
Los Angeles, California 90067
Telephone: (310) 552-3322
Facsimile:  (310) 943-1589

Attorneys for Defendant SEPULVEDA-VICTORY ASSOCIATES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMAR JACKSON,<br><br>       Plaintiff,<br><br>vs.<br><br>SEPULVEDA-VICTORY ASSOCIATES; ORHTO MATTRESS INC., a California corporation; and DOES 1 – 10,<br><br>       Defendants. | CASE NO.:  2:20-cv-00881-JFW-AS<br><br>**DEFENDANT SEPULVEDA-VICTORY ASSOCIATES' ANSWER TO PLAINTIFF SHAMAR JACKSON'S CORRECTED COMPLAINT**<br><br>Complaint served: March 3, 2020 |

Defendant Sepulveda-Victory Associates ("Sepulveda" or "Defendant") hereby answers the corrected complaint of Plaintiff Shamar Jackson ("Jackson") as follows:

## I.  PARTIES

1. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 1 and as such deny them.

2. Defendant admits that it owned the real property located at or about 6301 Sepulveda Blvd. Van Nuys, CA 91411 at all relevant times.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant admits the allegations of paragraph 3 of the Complaint.

5. Defendant has insufficient knowledge to admit or deny the allegations

in paragraph 5 and as such deny them.

6. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 6 and as such deny them.

7. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 7 and as such deny them.

## II. JURISDICTION & VENUE

8. Defendant asserts, based solely upon Plaintiff's allegations in Paragraph 8, that Plaintiff lacks standing to bring these claims as he fails to allege how any of the purported barriers relate to his particular disability.

9. Defendant asserts, based solely upon Plaintiff's allegations in Paragraph 9, that Plaintiff lacks standing to bring these claims as he fails to allege how any of the purported barriers relate to his particular disability, and further submits that Plaintiff is engaging in improper forum shopping in this Court as to its alleged claims under California's Unruh Civil Rights Act against Defendant by seeking to avoid California statutory law, including, without limitation, Cal. Civ. Proc. Code §§ 425.50 and 425.55, and California Government Code § 70616.5, imposing, inter alia, a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of filing of the initial complaint in addition to the standard filing fees, and requirements to allege certain facts as more particularly set forth in the aforementioned statutes.

10. Defendant asserts, based solely upon Plaintiff's allegations in Paragraph 10, that Plaintiff lacks standing to bring these claims as he fails to allege how any of the purported barriers relate to his particular disability.

## III. FACTUAL ALLEGATIONS

11. Defendant admits the allegations of paragraph 11 of the Complaint.

12. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 12 and as such deny them.

13. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 13 and as such deny them.

14. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 14 and as such deny them.

15. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 15 and as such deny them.

16. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 16 and as such deny them.

17. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 17 and as such deny them.

18. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 18 and as such deny them.

19. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 19 and as such deny them.

20. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 20 and as such deny them.

21. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 21 and as such deny them.

22. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 22 and as such deny them.

23. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 23 and as such deny them.

24. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 24 and as such deny them.

25. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 25 and as such deny them.

26. Defendant has insufficient knowledge to admit or deny the allegations

in paragraph 26 and as such deny them.

27. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 27 and as such deny them.

28. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 28 and as such deny them.

29. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 29 and as such deny them.

30. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 30 and as such deny them.

31. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 31 and as such deny them.

32. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 32 and as such deny them.

### IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

33. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 33 and as such deny them.

34. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 34 and as such deny them.

35. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 35 and as such deny them.

36. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 36 and as such deny them.

37. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 37 and as such deny them.

38. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 38 and as such deny them.

39. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 39 and as such deny them.

40. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 40 and as such deny them.

41. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 41 and as such deny them.

42. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 42 and as such deny them.

43. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 43 and as such deny them.

44. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 44 and as such deny them.

45. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 45 and as such deny them.

46. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 46 and as such deny them.

47. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 47 and as such deny them.

48. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 48 and as such deny them.

49. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 49 and as such deny them.

50. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 50 and as such deny them.

### V.   SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

51. Defendant has insufficient knowledge to admit or deny the allegations

in paragraph 51 and as such deny them.

52. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 52 and as such deny them.

53. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 53 and as such deny them.

54. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 54 and as such deny them.

55. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 55 and as such deny them.

56. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 56 and as such deny them.

57. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 57 and as such deny them.

58. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 58 and as such deny them.

59. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 59 and as such deny them.

60. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 60 and as such deny them.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because it fails to state facts sufficient to constitute a cause of action against the answering Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. Plaintiff is barred from recovering against the answering Defendant on

his Complaint, and each cause of action therein, because Plaintiff lacks standing to assert the claims alleged in the Complaint against the answering Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Negligence)

3.  Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because Plaintiff was negligent and careless in the matters alleged.

### FOURTH AFFIRMATIVE DEFENSE
### (No Injury or Damage)

4.  Plaintiff is barred from recovering against the answering Defendant on its Complaint, and each cause of action therein, because Plaintiff has sustained no injury or damage by reason of any of the acts alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.  Plaintiff is barred from maintaining its Complaint, and each cause of action therein, because of his unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.  Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because it waived whatever rights it may have had to assert the claims contained in the Complaint and each cause of action therein

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7.  Plaintiff is estopped to enforce the claims and obligations sought to be enforced in the Complaint, and each cause of action therein, because Plaintiff failed to honor its duties to the answering Defendant, failed to take proper steps to assert in

a timely fashion the claims alleged in the Complaint, and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert any of the claims, all to the detriment of the answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Plaintiff is barred by the doctrine of laches from pursing his Complaint, and each cause of action therein, by reason of its inexcusable and unreasonable delay in filing the Complaint and his failure to specifically state its claim, all to the prejudice of the answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Third Party Negligence)

9. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because third parties were careless and negligent in and about the matters alleged in the Complaint, and as such carelessness and negligence on the part of said third parties proximately contributed to the happenings alleged in the Complaint, and to each of Plaintiff's injuries, losses and/or damages, if any, allegedly sustained. Therefore, any damages awarded to Plaintiff shall be reduced in proportion to the amount of fault attributed to said parties.

## TENTH AFFIRMATIVE DEFENSE

### (Willful and Grossly Careless Conduct)

10. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because Plaintiff was willfully and grossly careless and negligent in the matters alleged, thereby causing and contributing to any injury, damage or loss to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

11. Plaintiff has failed to state a claim entitling him to attorneys' fees.

## TWELFTH AFFIRMATIVE DEFENSE
### (Conditions Precedent)

12. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because if in fact Defendant is in breach, which Defendant denies, said breach resulted from Plaintiff's failure to perform conditions precedent or concurrent to the duty of Defendant, by reason of which, Defendant's breach, if any, is excused.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

13. If Plaintiff has suffered any damages as a result of the facts alleged in his Complaint, which the answering Defendant deny, Plaintiff is not entitled to recover the amount of damages alleged, or any damages, due to its failure to take reasonable efforts to mitigate or minimize the damages incurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff is barred from recovering against the answering Defendant on its Complaint, and each cause of action therein, Plaintiff has failed to allege special damages with the requisite specificity.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Conduct of Others – Superseding Cause)

15. If Plaintiff suffered any damage, loss or detriment as a result of the facts alleged in the Complaint, and each cause of action therein, which the answering Defendant deny, the acts of individuals or entities other than the answering Defendant constitutes a proximate and superseding cause of any damage, loss or detriment to Plaintiff. Therefore, the answering Defendant is entitled to complete equitable indemnity from each such individual or entity, whether parties to this action or not.

9   Case No.: 2:20-cv-00881-JFW-AS
DEFENDANT SEPULVEDA-VICTORY ASSOCIATES' ANSWER TO PLAINTIFF SHAMAR JACKSON'S CORRECTED COMPLAINT

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because the facilities and/or services provided to the public are accessible to and usable by persons with disabilities as required by California laws and by federal laws, including but not limited to, the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, et seq., and the California Unruh Civil Rights Act, Cal. Civil Code sections 51, et seq.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

18. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because the damages, if any, which Plaintiff complains were proximately caused and contributed to by the acts of each defendant and other entities or individuals whether named as parties herein or not, other than the answering Defendant, and said acts were intervening and superseding causes of damage, if any, of which Plaintiff complains.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Causes Beyond Control)**

19. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because any and all damages, loss or injury suffered, or to be suffered by Plaintiff was due to causes beyond the control and responsibility of Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier removal was not readily achievable. Also assuming *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because assuming, *arguendo*, Plaintiff faced barriers to access at the subject facility, such barriers were not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title III of the ADA, Health & Safety Code section 19955, or Title 24 of the California Code of Regulations during the relevant time frame.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiff is barred from recovering against the answering Defendant on its Complaint, and each cause of action therein, as the cost of some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant is disproportionate in terms of cost and scope to that of any alterations made within the statutory period, if any.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, as Plaintiff's claims are barred because, with respect to any particular architectural element of the store and parking

lot facility that departs from accessibility guidelines, the store and parking lot facility have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff is barred from recovering against the answering Defendant on his Complaint, and each cause of action therein, because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration." 28 C.F.R. §§ 36.402, 36.403.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff is barred from recovering against the answering Defendant, as Plaintiff's claims are barred because any alterations made are sufficient in that they satisfy the "to the maximum extent feasible standard." 28 C.F.R. § 36.402(a)(1); 42 U.S.C. § 12183(a)(2).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff is barred from recovering against the answering Defendant, as Plaintiff's claims are barred on the grounds that this Court should decline to exercise supplemental jurisdiction over such claims because Plaintiff is engaging in improper forum shopping in this Court as to its alleged claims under California's Unruh Civil Rights Act against Defendant by seeking to avoid California statutory law, including, without limitation, Cal. Civ. Proc. Code §§ 425.50 and 425.55, and California Government Code § 70616.5, imposing, inter alia, a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of filing of the initial complaint in addition to the standard filing fees, and requirements to allege certain facts as more particularly set forth in the

aforementioned statutes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

27. The answering Defendant is informed and believes, and based thereon alleges, that it has insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated, affirmative defenses are available. The answering Defendant reserves the right to assert additional affirmative defenses in the event that discovery reveals the same would be appropriate.

**WHEREFORE**, the answering Defendant pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;
2. For attorneys' fees;
3. For its costs of suit incurred herein;
4. For such other, further, or different relief as may be deemed just and proper.

DATED: March 24, 2020　　　　　　**GOODKIN LAW GROUP, APC**

By: */s/ Michael A. Shakouri*
　　DANIEL L. GOODKIN
　　MICHAEL A. SHAKOURI
　　Attorneys for Defendant
　　SEPULVEDA-VICTORY ASSOCIATES

13   Case No.: 2:20-cv-00881-JFW-AS
**DEFENDANT SEPULVEDA-VICTORY ASSOCIATES' ANSWER TO PLAINTIFF SHAMAR JACKSON'S CORRECTED COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, a copy of the foregoing *DEFENDANT SEPULVEDA-VICTORY ASSOCIATES' ANSWER TO PLAINTIFF SHAMAR JACKSON'S CORRECTED COMPLAINT* was filed electronically. Notice of this wiling will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

By: /s/ Michael A. Shakouri